## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL LEE MITCHELL, #21266-045,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-539-RJD[1] |
| | ) |
| **WARDEN, FCI-GREENVILLE,** | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Petitioner Michael Lee Mitchell's post-Judgment Motion for Order Effectuating the Writ by Reducing Sentence to the Statutory Maximum (Doc. 32), filed Jan. 27, 2020. Respondent has filed a response to the motion (Doc. 34) and Mitchell has replied. (Doc. 35).

On November 12, 2019, this Court granted Mitchell's Habeas Petition in part,[2] and vacated his 180-month career-offender-enhanced sentence imposed in the Western District of Missouri (Case No. 09-cr-3012-RK-1) in light of *Mathis v. U.S.*, 136 S. Ct. 2243 (2016). (Doc. 22). The Court found that Mitchell's prior Missouri burglary convictions no longer qualified as predicate offenses under the Armed Career Criminal Act to support a 15-year mandatory minimum sentence. *See* 18 U.S.C. § 924(e)(1). As a result, his sentence should have been limited to the 10-year statutory maximum under 18 U.S.C. § 924(a)(2). (Doc. 22, pp. 16-25).

While this Court vacated Mitchell's sentence, it left the resentencing up to the Western

---
[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). *See* Doc. 14.
[2] The Court found it unnecessary to address the merits of Mitchell's claim under *Rehaif v. U.S.*, in light of the relief granted based on his *Mathis* challenge.

1

District of Missouri. This has largely been the practice in habeas cases in the Seventh Circuit, as a matter of comity and practicality. After briefing and argument on January 3, 2020, the Western District of Missouri took the matter under advisement, but has not set a date for resentencing or indicated when any action may be taken. Meanwhile, Mitchell remains incarcerated and has now served more than 4 months in excess of the 10-year statutory maximum for his offense.

Mitchell's present circumstances illustrate the "knotty problems" that may ensue when the only district court vested with habeas jurisdiction under 28 U.S.C. § 2241 grants relief, but then defers the full implementation of that relief to the district court (situated in a different federal circuit) which imposed the original sentence. *See Webster v. Daniels*, 784 F.3d 1123, 1145 (7th Cir. 2015) (declining to transfer § 2241 case to the Northern District of Texas after remand for hearing on the merits, to avoid placing Texas court in the "awkward position" of carrying out a Seventh Circuit mandate with any appeal then going to the Fifth Circuit); (Doc. 32, pp. 5-7).

Mitchell argues that 28 U.S.C. § 2243, which directs the habeas court to "dispose of the matter as law and justice require" gives this Court authority to issue the relief necessary to effectuate its writ – including reducing his sentence to the statutory maximum and ordering immediate release. (Doc. 32, pp. 3-7). Under similar circumstances, the district court in *Chazen v. Williams* (W.D. Wis. No. 17-cv-447, Doc. 41, Nov. 19, 2019), accepted that argument with its order reducing the sentence and immediately releasing the successful § 2241 petitioner, after the Seventh Circuit affirmed the order vacating his ACCA-enhanced sentence. (Doc. 32, pp. 5-6; Doc. 32-1; Doc. 32-2). Chazen had been convicted in the District of Minnesota, within the Eighth Circuit. The government did not oppose the motion to effectuate the writ.

Notably, this Court's November 12, 2019 Order (Doc. 22) vacating Mitchell's sentence has now become final. Respondent filed a timely Notice of Appeal (Doc. 26) on January 13, 2020,

but then voluntarily dismissed that appeal on January 27, 2020 pursuant to Federal Rule of Appellate Procedure 42(b). (Doc. 31; *see also* 7th Cir. Appeal No. 20-1079, Doc. 5, Jan. 27, 2020).

Respondent recognizes that this Court has the authority to dispose of the § 2241 petition "as law and justice require," and concedes that "such authority may extend to the release of petitioner from custody." (Doc. 34, p. 2). Moreover, he represents that the United States Attorney's Office in the Western District of Missouri intends to file a status report in Mitchell's criminal case, including the Government's "agree[ment] that petitioner should be resentenced and immediately released." (Doc. 34, p. 3). Based on this anticipated development, Respondent argues that there is no need for this Court to order Mitchell's immediate release.

On February 18, 2020, the U.S. Attorney filed the status report and request for resentencing in the criminal case (Doc. 87). The Government now requests the Western District of Missouri, in light of this Court's order at Doc. 22, to resentence Mitchell to a term of imprisonment of 120 months to be followed by a supervised release term of three years. However, the criminal docket indicates that the matter has not yet been set for hearing.

In consideration of the authority presented by Mitchell, the Government's resentencing request, and the injustice of Mitchell's continued incarceration despite his successful habeas petition, the Court finds it appropriate to grant the alternative relief Mitchell requests: immediate release from custody under the originally-ordered terms of supervised release.

Pursuant to this Court's Order at Doc. 22, Mitchell is no longer subject to the original 180-month sentence. All that remains is to effectuate the writ.

## Disposition

Mitchell's Motion for Order Effectuating the Writ by Reducing Sentence to the Statutory Maximum (Doc. 32) is **GRANTED** as to Mitchell's request for alternative relief (Doc. 35, p. 5).

The following relief is **ORDERED**:

1. Petitioner Michael Lee Mitchell, BOP No. 21266-045, shall be **IMMEDIATELY RELEASED** from the custody of the Bureau of Prisons. Mitchell's 180-month sentence imposed by the Western District of Missouri in Case No. 09-cr-3012-RK-1 has already been **VACATED** by Order of this Court dated November 12, 2019. (Doc. 22).

2. Petitioner Mitchell's release shall be subject to the terms and conditions of supervised release ordered by the Western District of Missouri in Case No. 09-cr-3012-RK-1.

3. The Clerk of Court is **DIRECTED** to furnish a certified copy of this Order to the Bureau of Prisons, the Warden of FCI-Greenville, Illinois, the United States Attorney for the Western District of Missouri, and the Clerk of the District court for the Western District of Missouri for filing in Case No. 09-cr-3012-RK-1. The Clerk is **FURTHER DIRECTED** to furnish to the Bureau of Prisons certified copies of this Court's November 12, 2019, Order (Doc. 22) and Judgment (Doc. 23) along with the certified copy of this Order.

The Court declines to impose the statutory maximum sentence of 120 months and 3 years supervised release, in anticipation of the agreed request for this relief now pending before the Western District of Missouri.

**IT IS SO ORDERED.**

**DATED: February 20, 2020**

*s/ Reona J. Daly*
**REONA J. DALY**
**UNITED STATES MAGISTRATE JUDGE**
